# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. LOPEZ, et al.,<br><br>        Defendants. | Case No. 1:19-cv-00154-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Kevin Allen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on February 5, 2019, is currently before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Kern Valley State Prison, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) MAR Committee members, Drs. Lopez; Spaeth, Sao, and Ulit; (2) Dr. Patel, surgeon; (6) Physician's Assistant Ogbuehi; (7) Dr. Jeffrey Wang, prison doctor; and (8) Chief Executive Officer K. Brown. Plaintiff alleges a violation of his Eighth Amendment rights.

Plaintiff reportedly suffers from a chronic lower back disorder of spinal stenosis and a pinched nerve on his right leg which cause him pain. On August 23, 2017, Plaintiff was seen by Nurse Practitioner M. Pallomina. M. Pallomina told Plaintiff that the MAR Committee doctors discontinued Plaintiff's morphine.

On September 25, 2017, Plaintiff again was seen. Plaintiff indicated that physical therapy did not work, he was in excruciating pain, he sometimes cried due to the pain, and morphine helps.

On October 18, 2017, Plaintiff saw a nurse and was told that the MAR Committee stopped his morphine.

On November 30, 2017, Defendant Brown concurred with the denial of Plaintiff's 602 grievance.

On June 27, 2017, Plaintiff filled out a medical slip to see a doctor because his back hurt.

When he saw the nurse, they told him there was nothing the doctor could do for him.

On September 22, 2017, Plaintiff filled out another medical slip and was told by the Licensed Vocational Nurse that they stopped his meds. Plaintiff claims that he needs his meds and is in unbelievable pain all day.

On October 16, 2017, Plaintiff filed another medical slip requesting to see a doctor. The nurse told Plaintiff that they stopped his morphine. Plaintiff said that he was in pain all day. Plaintiff was told that the MAR Committee doctors were the only people who could give his medication back or the prison doctor.

On June 14, 2018, Plaintiff filed another medical slip, complaining that he was in excruciating back pain, he could not walk or sleep and the medications were not helping. The nurse told Plaintiff that the MAR Committee stopped his medications.

On July 15, 2018, Plaintiff filed another medical slip, claiming that the medications were not working, and he needed to see a doctor. Plaintiff reported that he was in excruciating pain all day.

On December 4, 2018, Plaintiff filed another medical slip because his back was hurting. Plaintiff was told that the only people who could give the morphine back to him was the doctor or the MAR Committee.

On July 3, 2018, Plaintiff sent a CDCR 22 Form to Defendant Dr. Lopez of the MAR Committee, explaining that they took him of his morphine and he had been in excruciating pain.

On February 21, 2018, Plaintiff saw Defendant Dr. Wang and asked for his morphine because he was in excruciating pain all day. Defendant Dr. Wang told Plaintiff no and that his pain was one of the things that he was going to have to deal with. Plaintiff told him that the other medication did not work, and he was going to let a court know what they were doing.

On January 24, 2019, Plaintiff again saw Defendant Dr. Wang. The medication that Plaintiff was taking, oxcarbazepine, did not help. Plaintiff explained that he had been complaining for months that his medication did not work and that he had been in excruciating pain. Plaintiff asked if Defendant Dr. Wang could put him back on morphine. Defendant Dr. Wang refused. When asked why he refused, Defendant Dr. Wang stated that they did not give out that medication

3

any more. Plaintiff told him that as a doctor he should know that morphine helps his pain. Defendant Dr. Wang told Plaintiff that he was not getting it back and he would have to deal with it. Defendant Dr. Wang also told Plaintiff that he would request that Plaintiff see another neurosurgeon. When asked what medication he would give for pain, Defendant Dr. Wang did not respond.

Plaintiff contends that he has been getting morphine for his pain, which helps. However, as soon as he transferred to Kern Valley State Prison, the MAR Committee doctors stopped his medication without consulting a rheumatologist to see if it was medically necessary to take him off of morphine.

As relief, Plaintiff seeks compensatory and punitive damages.

### III. Discussion

Plaintiff's complaint fails to state a cognizable claim. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to cure the identified deficiencies. To assist Plaintiff, the Court provides the pleading and legal standards applicable to his claims.

### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link to Dr. Patel or Physician's Assistant Ogbuehi to any deprivation of his rights. Neither of these defendants are mentioned in Plaintiff's complaint and there are no

4

factual allegations alleging that they violated his rights. In any amended complaint, Plaintiff must allege what each individual did or did not do that resulted in a violation of his constitutional rights.

### B. Eighth Amendment – Deliberate Indifference to Serious Medical Need

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical

professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) ), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Here, Plaintiff essentially argues that the MAR Committee and Dr. Wang failed to prescribe him morphine for his pain. Plaintiff's allegations fail to state a claim under the Eighth Amendment. Plaintiff's disagreement with the committee and his treating physician about the appropriate medication regimen does not amount to deliberate indifference to serious medical needs. There is no indication that the course of pain treatment was medically unacceptable under the circumstances. Further, Plaintiff's own allegations fail to support any assertion that these defendants denied Plaintiff all treatment for his pain.

**B.     Grievance Procedure**

Plaintiff's allegations also suggest that he seeks to hold Defendant Brown liable based on a review of a Plaintiff's 602 inmate appeal regarding his medical care. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

**IV.     Conclusion and Order**

For the reasons stated, Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v.

Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 5, 2019**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE