# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. LOPEZ, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00154-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 10)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Kevin Allen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On April 5, 2019, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 8.) Plaintiff filed a first amended complaint on May 6, 2019, along with a motion to appoint counsel submitted and signed by a fellow inmate. (ECF Nos. 9, 10.)

**I.    Motion for the Appointment of Counsel**

As noted, a motion for the appointment of counsel was filed on Plaintiff's behalf by another inmate assisting Plaintiff with filing of this lawsuit. (ECF No. 10.) The motion is not signed by Plaintiff in contravention of Federal Rule of Civil Procedure 11 and Local Rule 131.

1

Rule 11 and Local Rule 131 provide that each document submitted for filing must be signed personally by the party (or his attorney of record if represented) in order to be considered by the Court. Fed. R. Civ. P. 11(a); Local Rule 131. Ordinarily, the Court will strike unsigned filings from the record.

Having considered the motion in this instance, the Court nonetheless finds that it should be denied. According to the moving papers, appointment of counsel is sought because Plaintiff suffers from dyslexia, he has reading scores of 0.7, 0.7 and 2.4, and he has been determined illiterate. (ECF No. 10 at 1.) In addition, counsel is sought because this a medical case and Plaintiff would fare better with counsel instead of a jail house lawyer. (Id. at 3-4.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. For the reasons discussed below, the Court finds that Plaintiff has not stated a cognizable claim for relief. He is therefore unlikely to succeed on the merits of his claims. Further, there is no indication from the record that Plaintiff has been unable to adequately articulate his claims—whether alone or with inmate assistance. Accordingly, Plaintiff's motion to appoint counsel (ECF No. 10) is DENIED.

**II.     Findings and Recommendations**

        **A.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

### B. Plaintiff's Allegations[1]

Plaintiff is currently housed at Kern Valley State Prison, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Dr. Lopez; (2) Dr. Spaeth; (3) Dr. Sao; (4) Dr. Ulit; (5) Dr. Patel; (6) P.A. Ogbuehi; and (7) Dr. J. Wang. Plaintiff alleges a violation of his Eighth Amendment rights.

Plaintiff reportedly suffers from a chronic lower back disorder of spinal stenosis and a pinched nerve on his right leg, which cause him pain. On August 23, 2017, Plaintiff was seen by Nurse Practitioner M. Pallomina. M. Pallomina told Plaintiff that the MAR Committee doctors

---

[1] Plaintiff's first amended complaint references numerous exhibits, which are not attached to the complaint or available on the Court's docket.

3

| | |
|---|---|
| 1 | discontinued Plaintiff's morphine. |
| 2 | On September 25, 2017, Plaintiff reported that physical therapy did not work, he was in |
| 3 | excruciating pain, he sometimes cried due to the pain, and morphine helped. |
| 4 | On October 18, 2017, Plaintiff saw a nurse and was told that the MAR Committee stopped |
| 5 | his morphine. |
| 6 | On November 30, 2017, Chief Executive Officer K. Brown concurred with the denial of |
| 7 | Plaintiff's 602 grievance. |
| 8 | On June 27, 2017, Plaintiff filled out a medical slip to see a doctor because his back hurt. |
| 9 | When he saw the nurse, he was told there was nothing the doctor could do for him. |
| 10 | On September 22, 2017, Plaintiff filled out another medical slip and was told by the |
| 11 | Licensed Vocational Nurse that they stopped his meds. Plaintiff claims that he needed his meds |
| 12 | and is in unbelievable pain all day. |
| 13 | On October 16, 2017, Plaintiff filed another medical slip requesting to see a doctor. The |
| 14 | nurse told Plaintiff that they stopped his morphine. Plaintiff said that he was in pain all day. |
| 15 | Plaintiff was told that the MAR Committee doctors were the only people who could give his |
| 16 | medication back or the prison doctor. |
| 17 | On June 14, 2018, Plaintiff filed another medical slip, complaining that he was in |
| 18 | excruciating back pain, he could not walk or sleep and the medications were not helping. The |
| 19 | nurse told Plaintiff that the MAR Committee stopped his medications. |
| 20 | On July 15, 2018, Plaintiff filed another medical slip, claiming that the medications were |
| 21 | not working, and he needed to see a doctor. Plaintiff reported that he was in excruciating pain all |
| 22 | day. |
| 23 | On December 4, 2018, Plaintiff filed another medical slip because his back was hurting. |
| 24 | Plaintiff was told that the only people who could give the morphine back to him was the doctor or |
| 25 | the MAR Committee. |
| 26 | On July 3, 2018, Plaintiff sent a CDCR 22 Form to Defendant Dr. Lopez of the MAR |
| 27 | Committee, explaining that they took him of his morphine and he had been in excruciating pain. |
| 28 | On February 21, 2018, Plaintiff saw Defendant Dr. Wang and asked for his morphine |

because he was in excruciating pain all day. Defendant Dr. Wang told Plaintiff no and that his pain was one of the things that he was going to have to deal with. Plaintiff told him that the other medication did not work, and he was going to let a court know what they were doing.

On January 24, 2019, Plaintiff again saw Defendant Dr. Wang. The medication that Plaintiff was taking, oxcarbazepine, did not help. Plaintiff explained that he had been complaining for months that his medication did not work and that he had been in excruciating pain. Plaintiff asked if Defendant Dr. Wang could put him back on morphine. Defendant Dr. Wang refused. When asked why he refused, Defendant Dr. Wang stated that they did not give out that medication any more. Plaintiff told him that as a doctor he should know that morphine helps his pain. Defendant Dr. Wang told Plaintiff that he was not getting it back and he would have to deal with it. Defendant Dr. Wang also told Plaintiff that he would request that Plaintiff see another neurosurgeon. When asked what medication he would give for pain, Defendant Dr. Wang did not respond.

Plaintiff contends that he has been getting morphine for his pain, which helps. However, as soon as he transferred to Kern Valley State Prison, the MAR Committee doctors stopped his medication without consulting a rheumatologist to see if it was medically necessary to take him off of morphine. Plaintiff also contends that defendant had no medical justification for refusing to address Plaintiff's pain, either by failing to give him morphine or any medication that would help with his pain. Additionally, Plaintiff asserts that Dr. Harold Segal, a neurological surgeon, has recommended a microsurgical laminotomy at L4-5 on the right.

As relief, Plaintiff seeks compensatory and punitive damages.

### C. Discussion

Plaintiff's complaint fails to state a cognizable claim. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to cure the identified deficiencies. To assist Plaintiff, the Court provides the pleading and legal standards applicable to his claims.

#### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] ... subjects, or causes to be

> subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link to Dr. Spaeth, Dr. Sao, Dr. Ulit, Dr. Patel or Physician's Assistant Ogbuehi to any deprivation of his rights. These defendants are not mentioned in Plaintiff's complaint and there are no factual allegations demonstrating that anything they did or did not do resulted in a violation of Plaintiff's constitutional rights. Plaintiff previously was informed that in any amended complaint, he must allege what each individual did or did not do that resulted in a violation of his constitutional rights. Despite being provided with the relevant pleading standard, Plaintiff has been unable to cure this deficiency.

### 2. Eighth Amendment – Deliberate Indifference to Serious Medical Need

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609

F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) ), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Here, Plaintiff essentially argues that the MAR Committee, Dr. Wang and Dr. Lopez failed to prescribe him morphine for his pain. Plaintiff's allegations fail to state a claim under the Eighth Amendment. Plaintiff's disagreement with the committee, its members or his treating physicians about the appropriate medication regimen does not amount to deliberate indifference to serious medical needs. There is no indication that the course of pain treatment provided was

medically unacceptable under the circumstances or that any physician denied Plaintiff treatment. According to the allegations, Plaintiff was prescribed medication for pain and received a neurological consult with a surgeon for additional treatment. Plaintiff's allegations fail to support any assertion that these defendants denied Plaintiff treatment for his pain or condition or acted with deliberate indifference to his pain.

### 3. Grievance Procedure

Plaintiff's allegations also suggest that he seeks to hold defendants liable based on a review of a Plaintiff's 602 inmate appeal regarding his medical care. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

### D. Conclusion and Recommendation

Plaintiff's amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 10, 2019**      /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE